IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LAURA MCKINNEY,<br><br>   **Plaintiff,**<br><br>v.<br><br>AMERICAN MEDICAL SYSTEMS, INC., AMERICAN MEDICAL SYSTEMS, HOLDINGS, INC., ENDO PHARMACEUTICALS, INC., ENDO PHARMACEUTICALS HOLDINGS, INC., and ENDO HEALTH SOLUTIONS, INC.,<br><br>   **Defendants.** | Case No. 19-CV-00854-SPM |

## MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

In August 2019, Plaintiff Laura McKinney brought this action stating that she sustained injuries from a Monarc Subfascial Hammock, a pelvic mesh device manufactured by Defendant American Medical Systems, Inc. ("AMS")[1] and designed to treat women who suffer from stress urinary incontinence (Doc. 1, p. 3).[2] McKinney alleges the implant of the device has caused her mental and physical pain and suffering along with permanent injury, and states claims for Negligence (Count 1),

---

[1] McKinney alleges that AMS is a wholly owned subsidiary of Defendant American Medical Systems Holdings Inc., which is a wholly owned subsidiary of Defendants Endo Pharmaceuticals, Inc., Endo Pharmaceuticals Holdings Inc., and Endo Health Solutions Inc.

[2] As part of coordinated pretrial proceedings, pelvic mesh cases were grouped in *In re: American Medical Systems, Inc. Pelvic Repair Systems Products Liability Litigation*, MDL No. 2325, in the United States District Court for the Southern District of West Virginia. The court closed the MDL because discovery regarding AMS had been completed and cases in the MDL were ready for remand. Following the closure of the MDL and remand of those cases, any new claims were required to be filed in district courts.

Design Defect (Count 2); and Failure to Warn (Count 3) (*Id.* at 15-24). AMS moved for summary judgment on McKinney's complaint, stating that her claims are time-barred.

McKinney never responded to AMS's Motion for Summary Judgment (Doc. 45). Pursuant to LOCAL RULE 7.1(c), "[f]ailure to timely file a response to a motion may, in the Court's discretion, be considered an admission of the merits of the motion." When a non-moving party fails to respond to a motion for summary judgment, its failure "constitutes an admission . . . that there are no disputed issues of genuine fact warranting a trial." *Flynn v. Sandahl,* 58 F.3d 283, 288 (7th Cir. 1995); *see also Terrell v. American Drug Stores*, 65 Fed. App'x 76, 77 (7th Cir. 2003). However, the Court is still obligated to ensure that the evidence submitted by AMS properly substantiates its assertions of entitlement to summary judgment. Federal Rule of Civil Procedure 56(e) provides: "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it . . . .

Summary judgment is "the put up or shut up moment in a lawsuit" where a party lays its proverbial cards on the table, showing what evidence it possesses to convince a trier of fact to agree with its version of the events. *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (quoting *Hammel v. Eau Galle Cheese Factory*, 407 F.3d 852, 859 (7th Cir. 2005) (other citations omitted)). Summary judgment is only appropriate if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Spurling v. C & M Fine Pack, Inc.*, 739 F.3d 1055, 1060 (7th Cir. 2014) (*quoting* FED. R. CIV. P. 56(a)).

That "burden on the moving party may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). In determining the existence of a genuine dispute of material fact, the Court construes all facts in the light most favorable to the nonmoving party and draws all reasonable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Spath v. Hayes Wheels Intern.-Indiana, Inc.*, 211 F.3d 392, 396 (7th Cir. 2000).

According to her deposition, in 2008, McKinney began complaining of injuries she attributed to her mesh device (Doc. 46-3, pp. 3-4). In 2009, McKinney's doctor told her that the device's mesh was eroded (*Id.* at 9). In 2012, her doctor removed the mesh based on McKinney's complaints of pain and the previously identified erosion (Doc. 46-5, p. 3). A 2015 doctor's note for her wellness exam stated that "[s]he has had removal of vaginal mesh several years ago- this released the 'tension' but she continues to have some right sided vaginal pain. She reports the pain has now resolved" (Doc. 46-6, p. 2).

McKinney's tort claims are governed by Illinois' applicable limitations period of two years. *See Dahms v. Coloplast Corp.*, 2020 WL 5593279 at *2 (N.D. Ill. Sept. 18, 2020) (citing 735 ILCS 5/13-213 and 735 ILCS 5/13-202). But this limitations period is balanced by the "discovery rule," which "postpone[s] the commencement of the relevant statute of limitations until the injured plaintiff knows or reasonably should know that he has been injured and that his injury was wrongfully caused." *Id.* (quoting *Golla v. Gen. Motors Corp.*, 657 N.E.2d 894, 898 (Ill. 1995)). So, "[t]o trigger the

limitations period, the plaintiff must possess sufficient information concerning an injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved, but she need not know of a specific defendant's negligent act or that any actionable wrong was [actually] committed." *Id.* (quoting *Hoffman v. Orthopedic Sys., Inc.*, 765 N.E.2d 116, 122 (Ill. App. Ct. 2002) (internal citations omitted).

Holding up the deposition testimony and the medical records to the statute of limitation framework, the Court **FINDS** that, at the latest, McKinney was on notice of a potentially wrongfully caused injury in 2012 when she had a procedure to remove the device. At that point, she knew or should have known that the pelvic mesh device did not work as intended, was eroded, and caused her pain. Therefore, McKinney's claims are time-barred based on Illinois law.

Accordingly, the Court **GRANTS** Defendant American Medical Systems, Inc.'s Motion for Summary Judgment (Doc. 45) and Plaintiff Laura McKinney's claims against all Defendants are **DISMISSED with prejudice**. The Court **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  June 2, 2021**

**s/ *Stephen P. McGlynn*** 
**STEPHEN P. McGLYNN** 
**U.S. District Judge**
